IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLAUDIA M. JOHNSTON,                    2:10-CV-01498-SU

       Plaintiff,                    ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

BROWN, Judge.

    Magistrate Judge Patricia Sullivan issued Findings and Recommendation (#31) on June 23, 2012, in which she recommends the Court affirm the Commissioner's decision denying Plaintiff's application for disability insurance benefits (DIB); denying Plaintiff's application for supplemental security income (SSI)

1 - ORDER

before June 1, 2009; and granting Plaintiff's application for SSI after June 1, 2009. Plaintiff filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

I.  **Portion of the Findings and Recommendation to which Plaintiff does not object.**

Plaintiff does not object to the portion of the Finding and Recommendation in which the Magistrate Judge affirmed the ALJ's finding that Plaintiff has "underlying medical conditions that could reasonably result in the symptoms she alleges if she failed to follow her medical regimen or attempted to exceed her residual functional capacity" but that Plaintiff's "allegations as to the existence of her symptoms prior to June 2009 are only partially supported by the medical record." Tr. 18.

When a party does not object to portions of a Magistrate Judge's Findings and Recommendation, this Court is relieved of its obligation to review the record *de novo* as to those portions of the Findings and Recommendation. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988). Having reviewed the legal principles *de novo* as to those portions of the Findings and Recommendation to which Plaintiff does not object, the Court does not find any error.

2 - ORDER

## II. Portion of the Findings and Recommendation to which Plaintiff objects.

Plaintiff objects to the portion of the Findings and Recommendation in which the Magistrate Judge found the ALJ did not err when he did not credit the opinion of Shawn H. Blanchard, M.D., treating physician. Specifically, Plaintiff contends the Magistrate Judge incorrectly concluded the ALJ did not err when he found Dr. Blanchard's May 17, 2010, letter to the Appeals Council did not establish Plaintiff was disabled prior to June 2009. Plaintiff also contends the Magistrate Judge incorrectly concluded the ALJ did not err when he failed to address Dr. Blanchard's "one-sentence" notes written in support of Plaintiff's applications for food stamps between January 2002 and September 2007.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

### A. May 17, 2010, Letter.

Dr. Blanchard wrote a letter on May 17, 2010, which Plaintiff's counsel submitted to the Appeals Council on June 10,

3 - ORDER

2010.[1]  In that letter, Dr. Blanchard noted he has treated Plaintiff for approximately ten years and that Plaintiff suffers from "chronic pain due to severe fibromyalgia" as well as consequent deconditioning.  Tr. 6.[2]  Dr. Blanchard opined Plaintiff "would be limited to no more than a sit-down job, and even then no more than part time.  She would only be able to use her hands occasionally . . . [and] would not be able to concentrate more than one hour at a time, even on simple tasks."  Tr. 6.

The Magistrate Judge noted Dr. Blanchard did not make any statement in the May 2010 letter that Plaintiff's limitations "applied prior to June 1, 2009, [the] date the ALJ found [Plaintiff] disabled."  Findings and Recommendation at 13.  The Magistrate Judge, therefore, found Dr. Blanchard's May 2010 letter does not contradict the ALJ's finding that Plaintiff was not disabled until June 1, 2009.

In her Objections Plaintiff does not point to any evidence that demonstrates Dr. Blanchard's May 2010 opinion related to Plaintiff's limitations prior to June 1, 2009.  This Court has carefully considered Plaintiff's Objections and

---

[1] Although Dr. Blanchard's letter was not before the ALJ, Plaintiff does not object to the Magistrate Judge's conclusion that Dr. Blanchard's letter was properly included in the record before the Court.

[2] Citations to the official transcript of record filed by the Commissioner on April 19, 2011, are referred to as "Tr."

4 - ORDER

concludes they do not provide a basis to modify the Findings and Recommendation as to Dr. Blanchard's May 2010 letter. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation as to the May 2010 letter.

### B. Dr. Blanchard's notes in support of Plaintiff's applications for food stamps.

The record contains a number of short notes written by Dr. Blanchard in support of Plaintiff's applications for food stamps between January 2002 and September 2007. The Magistrate Judge concluded the ALJ did not err when he failed to address the notes because "Dr. Blanchard's notes relating to [Plaintiff's] food stamp applications are cursory, do not explain his conclusion, and do not cite work-related limitations establishing disability under the Commissioner's regulations." Findings and Recommendation at 12. As Plaintiff points out in her Objections, however, the ALJ did indicate he considered Dr. Blanchard's notes in his opinion or present reasons for rejecting those notes. The Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006)(citation and quotation omitted).

Accordingly, the Court declines to adopt that portion of the Findings and Recommendation in which the Magistrate Judge concluded the ALJ did not err when he failed to address

5 - ORDER

Dr. Blanchard's notes written in support of Plaintiff's applications for food stamps from January 2002 through September 2007.

### III. Remand.

Generally the decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Strauss v. Comm'r*, 635 F.3d 1135, 1137 (9th Cir. 2011). The Ninth Circuit, however, has established a limited exception to this general rule. *Id.* at 1138. Under the limited exception, the Court must grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1178 n.2 (9th Cir. 2000).

The Court has determined the ALJ erred when he failed to address the notes of Dr. Blanchard written in support of Plaintiff's applications for food stamps from January 2002 through September 2007. As noted, however, Dr. Blanchard's notes are short and do not cite work-related limitations. Accordingly,

6 - ORDER

the Court concludes the administrative record is not sufficiently clear for the Court to determine whether Plaintiff is entitled to immediate benefits based on Dr. Blanchard's notes. In the exercise of its discretion, the Court, therefore, concludes the limited exception does not apply here, and this matter should be remanded for further proceedings. See Schneider v. Comm'r, 223 F.3d 968 (9th Cir. 2000).

Accordingly, the Court remands this matter for further administrative proceedings related to evaluation of Dr. Blanchard's notes written in support of Plaintiff's applications for food stamps between January 2002 and September 2007.

### CONCLUSION

The Court **ADOPTS as modified** Magistrate Judge Sullivan's Findings and Recommendation (#31) and, accordingly, **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings related to evaluation of Dr. Blanchard's notes written in support of Plaintiff's applications for food stamps

7 - ORDER

between January 2002 and September 2007.

IT IS SO ORDERED.

DATED this ~~28~~th 2nd day of ~~June~~ July, 2012.

*Anna J. Brown* (signature)

ANNA J. BROWN
United States District Judge

8 - ORDER